UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES FOR THE MICHIGAN )
CARPENTERS' COUNCIL PENSION )
FUND, et al., )
                                                     )
                Plaintiffs, )   Case No. 4:02-cv-13
                                                     )
v. )
                                                       )
STREETER BROTHERS, INC., )
                                                       )   **REPORT AND RECOMMENDATION**
                Defendant. )
_____)

       This was an action brought by trustees of employee welfare and benefit plans to collect fringe benefit contributions due under one or more collective bargaining agreements with defendant Streeter Brothers, Inc. On July 15, 2002, former District Judge David W. McKeague entered a consent judgment requiring that defendant pay all fringe benefit contributions in a timely manner and authorizing the imposition of attorney's fees in the event of an enforcement action. (docket # 7). Plaintiffs have now moved for an order holding defendant and its principal executive officer, Gregory Streeter, in civil contempt for failure to comply with the court's judgment, by reason of overdue health and benefit contributions in the amount of $1,813.48.

       On December 16, 2005, I issued an order to show cause requiring defendant and Gregory Streeter to appear before the court on January 10, 2006, to show cause why they should not be held in contempt as requested by plaintiffs. (Order to Show Cause, docket # 18). The order required plaintiffs to serve a copy of the order to show cause on defendants by first-class mail.

Plaintiffs have filed a sworn proof of service (docket # 19) showing that they served the order on defendants at their last known address on December 28, 2005. Plaintiffs' counsel appeared before me on January 10, 2006, but neither defendant nor anyone on its behalf appeared at the hearing.

At the hearing, the court received into evidence the report of plaintiffs' auditor (Plf. Ex. 1) reflecting the overdue amount of $1,813.48 for the period June 21 through July 2005. Plaintiff's counsel also applied for attorney's fees in the amount of $700.00, based on the expenditure of 3-1/2 hours at $200 per hour. I directed counsel to document his attorney's fees request by submitting an affidavit.

The Sixth Circuit Court of Appeals has given recent guidance concerning the availability of contempt as a remedy for failure of a defendant to satisfy a judgment. *Electrical Workers Pension Trust Fund v. Gary's Electrical Service Co.*, 340 F.3d 373 (6th Cir. 2003), arose from the failure of an electrical contractor to satisfy a judgment for past-due contributions under a collective bargaining agreement. The Court of Appeals held, among other things, that a contempt citation is available against both a corporate defendant and its officers for wilful failure to satisfy such a judgment. In order to hold defendants in contempt, the movant must produce clear and convincing evidence showing that defendants violated a definite and specific order of the court requiring them to perform or refrain from performing a particular act, and that defendants did so with knowledge of the court's order. 340 F.3d at 379. Once the movant establishes a *prima facie* case, the burden shifts to the contemner, who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order. *Id.* (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). To meet this production burden, defendants must show "categorically and in detail" why they are unable to comply with the court's order. 340 F.3d at 379.

In the present case, plaintiffs have satisfied their burden of establishing a *prima facie* case for a contempt citation, by demonstrating that the court's judgment was entered, that $1,813.48 is due under the judgment, and that no part of the judgment has been paid. This showing shifted the burden of production to defendant. Defendant has ignored these proceedings from the outset. Specifically, defendant and Mr. Streeter failed to appear at the show-cause hearing on January 10, 2006, and presented no evidence in satisfaction of their burden of production.

Under the authority of *Electrical Workers v. Gary's Electric*, I find that plaintiffs have satisfied their burden establishing entitlement to the sanction of contempt of court as a remedy for defendant's failure to satisfy this court's judgment. In addition, under *Electrical Workers*, officers of the corporate defendant are subject to the court's orders and are liable in contempt proceedings for the company's failure to comply with the judgment. Here, the record discloses that Gregory Streeter is the Chief Executive Officer of the defendant corporation and is in control of its affairs. Mr. Streeter has not discharged his burden of coming forward with evidence that he is presently unable to comply with the judgment. *See Electrical Workers*, 340 F.3d at 382. A contempt citation is therefore appropriate against Mr. Streeter as well.

### **Recommended Disposition**

I recommend (1) that defendant Streeter Brothers, Inc. and its officer Gregory Streeter be held in civil contempt of court; (2) that defendant be granted 14 days in which to purge itself of contempt by payment to plaintiffs of $1,814.48, plus $700.00 in attorney's fees; (3) that, if the contempt is not purged, defendant incur a fine of $500 per week until all arrearages and fines have been paid and that an arrest warrant then be issued for Gregory Streeter.

The Clerk is directed to serve a copy of this Report and Recommendation upon defendant at the address shown below:

> Gregory Streeter
> Streeter Brothers, Inc.
> 4170 Flint Asphalt Drive
> Burton, MI  48529

Dated:   January 10, 2006          /s/  Joseph G. Scoville
                                   United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).